# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW EDWARDS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>    Respondent. | Case No.: 1:17-cv-00904-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO STATE A CLAIM<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner has filed the instant federal habeas petition challenging his state conviction. A preliminary screening of the petition reveals that the petition fails to present any cognizable grounds for relief. Therefore, the Court will recommend that the petition be **SUMMARILY DISMISSED**.

## I.     PROCEDURAL HISTORY

On February 20, 2013, Petitioner was convicted in the Madera County Superior Court of attempted murder, assault with a firearm, possession of a firearm by a felon, and vehicle theft, with true findings that he personally used a firearm. (Doc. No. 1.) He was sentenced to an indeterminate term of 143 years and 8 months to life. (Doc. No. 1.) Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). On September 25, 2015, the Fifth DCA affirmed the judgment in a reasoned opinion. (Doc. No. 1.) He then filed a petition for review in the California Supreme Court, and the California Supreme Court denied review on December 9, 2015. Id.

Petitioner then sought habeas relief in the state courts. He first filed a habeas petition in the Madera County Superior Court, but the petition was denied on August 31, 2016, as untimely. He then filed a habeas petition on October 6, 2016, in the Fifth DCA. The petition was denied on October 14, 2016, for failure to first present the claims to the lower court. He again filed a habeas petition in the Madera County Superior Court. On November 16, 2016, the superior court denied the petition for failure to state a prima facie claim for relief, untimeliness, raising claims that were previously raised and rejected, and raising issues that could have been raised on direct appeal. He next filed a habeas petition in the Fifth DCA on December 23, 2016. That petition was denied with citation to People v. Hines, 15 Cal.4th 997, 1024 (1997) and People v. Memro, 11 Cal. 4th 786, 859 (1997). Finally, he filed a petition in the California Supreme Court which was summarily denied on June 21, 2017.

Petitioner filed his federal petition in this Court on July 10, 2017. (Doc. No. 1). He presents two grounds for relief: 1) The trial court failed to appoint counsel to represent Petitioner in a Marsden[1] hearing; and 2) The District Attorney's Office wrongly denied his citizen complaint for false prosecution.

## II.     DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

#### 1. Ground One

Petitioner alleges the trial court erred by failing to appoint counsel to assist him during a

---

[1] People v. Marsden, 2 Cal.3d 118 (1970).

2

Marsden hearing. As the Fifth DCA indicated in its citations, there is no authority requiring the appointment of counsel to assist during a Marsden hearing. Although Petitioner has a constitutional right to the assistance of counsel during trial, he has no constitutional right to the assistance of multiple attorneys. Petitioner does not claim a violation of the Constitution or Federal law. He does not cite to any Supreme Court authority which would require the appointment of counsel to assist a defendant in a Marsden hearing against defense counsel, nor is the Court aware of any such authority. Thus, Petitioner cannot establish that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. The claim should be summarily dismissed.

2. Ground Two

Petitioner states he filed a citizen's complaint with the District Attorney against the prosecutor who prosecuted the case against him. He claims his citizen's complaint was wrongly denied. This allegation also fails to present a cognizable claim. Title 28 U.S.C. § 2254(a) states that a district court shall entertain a habeas petition "*only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*" (emphasis added). Petitioner's request to review the decision of the District Attorney's Office concerning his citizen's complaint against the prosecutor goes well beyond the scope of federal habeas review.

To the extent that Petitioner might seek to present a claim of prosecutorial misconduct, he provides no facts or argument in support of such a claim. Moreover, upon review of the petitions he filed in state court, it is clear that any such claim would be unexhausted. See 28 U.S.C. § 2254(b).

Accordingly, the petition should be dismissed for failure to state a claim.

## III.  ORDER

The Court hereby DIRECTS the Clerk of Court to assign a District Judge to the case.

## IV.  RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the instant petition be **SUMMARILY DISMISSED** with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 17, 2017**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE